LAMAR, Justice,
dissenting:
¶ 15. Because the chancellor did not abuse his discretion in entering the protective orders, I respectfully dissent.
¶ 16. As an initial matter, I find this case inappropriate for interlocutory review. Although the majority correctly notes that this Court has stated that it is “not about to become involved in the wholesale granting of interlocutory appeals of discovery disputes,” it fails to explain why it is doing so in this case. (Maj. Op. ¶ 10). As this Court stated in American Electric v. Singarayar, 530 So.2d 1319, 1322 (Miss.1988), “Indeed, the language of Rule 5(a) naturally suggests an opposition between a question of law and a question of fact or matter for the discretion of the trial court. Common sense suggests matters of the latter category — acts of discretion — least eligible for interlocutory review.”
¶ 17. I also disagree with the majority’s cursory finding that the chancellor erred in granting the protective orders. The standard of review in discovery matters is abuse of discretion. Electronic Data Sys. Corp. v. Miss. Div. of Medicaid, 853 So.2d 1192, 1209 (Miss.2003). In fact, this Court has stated that in “matters relating to discovery, the chancellor has considerable discretion.” Id. (emphasis added).
¶ 18. A party may obtain discovery “regarding any matter, not privileged, which is relevant to the issues raised by the claims or defenses of any party.” Miss. R. Civ. P. 26(b)(1) (emphasis added). But a trial judge may enter a protective order “upon motion by a party ... and for good cause shown ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense .... ” Miss. R. Civ. P. 26(d) (emphasis added).
¶ 19. Here, Michael Blossom filed a motion for a protective order to prevent Kelly Blossom from deposing C.B. and R.W. Michael argued that Kelly was seeking to “use the divorce case to conduct discovery for the criminal cases which would otherwise be unavailable to her within the criminal cases themselves” and that C.B. and R.W. “clearly [had] absolutely no relevance to the parties’ pending divorce case.... ” The chancellor agreed and entered the protective orders, finding that any information C.B. possessed was “beyond the scope of discovery” in the divorce proceeding, and that any knowledge R.W. had was “not relevant to [the] divorce proceeding.”
¶ 20. I find no abuse of the chancellor’s “considerable” discretion in this case. A chancellor may issue a protective order “for good cause shown.” Here, C.B. was the minor victim of a crime committed by Kelly, the person seeking the deposition. And R.W. had information — according to Kelly — only about “the rape” in the criminal case. I believe the chancellor was within his discretion to find that C.B. and R.W. had no information relevant to the divorce action.
¶ 21. As discussed above, I find this case inappropriate for interlocutory review. But because this Court has decided to address the issues on the merits, I would affirm the chancellor’s ruling.